991 F.2d 812
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cathy H. SMITH, as parent, Natural Guardian and Legal
Representative of Carolyn E. Smith, a minor,
Petitioner-Appellant,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 92-5049.
 United States Court of Appeals, Federal Circuit.
 March 30, 1993.
 
 Before NEWMAN, PLAGER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 On February 5, 1991, Petitioner-Appellant Cathy H. Smith, on behalf of Carolyn E. Smith (Smith), sought compensation under the provisions of the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to 300aa-34 (1988 & Supp. II 1990) (Vaccine Act) for injuries which Smith allegedly suffered as a result of a DPT vaccination received prior to October 1, 1988, the effective date of the Vaccine Act. Since petitions for such injuries were required to be filed by February 1, 1991,[1] the Special Master informed Smith that the petition would be dismissed with prejudice unless cause was shown for the untimely filing. On October 7, 1991, the Special Master dismissed the petition as untimely filed. When Smith failed to timely file a motion for review with the United States Court of Federal Claims,[2] the Clerk of that court entered judgment in accordance with the provisions of the Vaccine Act. See 42 U.S.C. § 300aa-12(e)(3). Smith now appeals that judgment. We dismiss for lack of jurisdiction.
 
 DISCUSSION
 
 2
 Smith argues that the Special Master erred in dismissing the petition as untimely filed, when that petition had been mailed on January 24, 1991. As mentioned above, the deadline for filing was February 1, 1991, and the petition was actually received by the Clerk of the United States Court of Federal Claims on February 5, 1991. Smith attributes the twelve day lag in delivery to the use of an incorrect zip code, which had been provided to Smith by an organization known as the National Vaccine Information Center. However, respondent Health and Human Services correctly notes that the threshold issue in this appeal is whether this court has jurisdiction to consider Smith's appeal, given Smith's failure to first obtain review of the Special Master's dismissal by a judge of the Court of Federal Claims.
 
 
 3
 Our jurisdiction over this appeal is a question of law, requiring interpretation of the provisions of the Vaccine Act. This court recently held in Grimes v. Secretary of the Department of Health and Human Services, No. 92-5067 (Fed.Cir. Mar. 15, 1993), that the Vaccine Act does not provide the Federal Circuit with direct appellate review of the decision of the Special Master--in other words, that the petitioner must first obtain review by a judge of the Court of Federal Claims before filing an appeal here.
 
 
 4
 Smith did not obtain review by a judge of the Court of Federal Claims prior to filing this appeal. The Special Master's decision was issued on October 7, 1991. Smith then had 30 days in which to file a motion for review by the Court of Federal Claims, in accordance with § 300aa-12(e)(1). Smith freely admits that no effort was made to obtain review by a judge in the Court of Federal Claims pursuant to 42 U.S.C. § 300aa-12(e)(1).[3] Instead, Smith directly filed an appeal with this court on January 8, 1992.
 
 
 5
 As this court has made clear, we review the judgment of the judge of the Court of Federal Claims, not the decision of the Special Master. Munn v. Secretary of the Dep't of Health and Human Servs., 970 F.2d 863 (Fed.Cir.1992). Absent the required review by that court, there is nothing for us to review. Grimes, supra.
 
 
 6
 Accordingly, the appeal is dismissed for lack of jurisdiction.
 
 
 
 [1]
 28 months after the effective date, 42 U.S.C. § 300aa-16(a)(1)
 
 
 [2]
 The Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506, 4516 (1992), changed the name of the United States Claims Court to the United States Court of Federal Claims
 
 
 [3]
 Petitioner's response to question from Judge Plager at oral argument